**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Robert Walker,** | ) CASE NO. 1:17 CV 2447 |
| | ) |
| **Plaintiff,** | ) JUDGE PATRICIA A. GAUGHAN |
| | ) |
| v. | ) |
| | ) <u>**Memorandum of Opinion and Order**</u> |
| **Tom Miller,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## **INTRODUCTION**

*Pro se* Plaintiff Robert Walker filed this action under 42 U.S.C. § 1983 against Medina County Sheriff Tom Miller and Medina County Sheriff's Office Employees Dean Lesak, Kenneth Baca, Gail Houk, and John Doe #1; Heartland Behavioral Healthcare ("Heartland") Chief Executive Officer David Colletti, Chief Clinical Officer Syed Ahmed, and Treating Physician John Doe #2; and Medina Metropolitan Housing Authority ("MMHA") Provider Jane Doe #3, and Executive Director Skip Sipos. In the Complaint, Plaintiff alleges the Defendants failed to diagnose him with stage four colon cancer. He asserts they were deliberately indifferent to his serious medical needs, and seeks monetary damages.

## **BACKGROUND**

Plaintiff was a resident of Texas who was charged with misdemeanor theft in Medina, Ohio on May 26, 2015. Plaintiff returned to Texas and failed to appear for trial resulting in a

warrant being issued for his arrest. He moved to Ohio later in the year, and was arrested on the outstanding warrant on November 30, 2015. At his arraignment, the court set bond at $15,000.00 and scheduled the trial for December 16, 2015. Plaintiff could not post bond and remained incarcerated. During this time, Plaintiff informed the jail medical staff that he was ill, in constant pain and bleeding internally. He alleges he was seen only once by a doctor who failed to diagnose his medical problem. Instead, medical staff at the jail determined his problem was psychosomatic and referred him for mental health treatment. Plaintiff's attorney withdrew and his new attorney asked the court to order a psychiatric evaluation to determine Plaintiff's competence to stand trial. The court granted that motion and when the evaluator indicated Plaintiff was not competent to stand trial, the court ordered him to be transferred to Heartland for treatment on February 17, 2016. Plaintiff repeated his medical complaints to Heartland physicians with results similar to those he experienced at the jail. He states the doctor finally took stool samples, but altered the results to conceal the fact that he was bleeding internally.

Plaintiff was deemed to be competent on April 25, 2016. The court set a trial date for May 2, 2016; however, the prosecutor dismissed the charges without prejudice on May 4, 2016. He was released from custody, but had nowhere to go because he had lost his residence due to his detention and hospitalization. He contends MMHA arranged for him to live at the Townmotel until he could find a place that would accept his housing voucher. He indicates he also found it difficult to obtain medical care. He alleges he complained to his case manager about medical symptoms he was experiencing and the case manager called the police to escort him to Marymount Hospital for a psychiatric evaluation. He claims he attempted to obtain medical care again in August 2016. He states that after a series of referrals, he was informed on

March 1, 2017 that he had stage four colon cancer. Plaintiff claims the Defendants were deliberately indifferent to his serious medical needs.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

Claims for deliberate indifference to serious medical needs arise in the context of the Eight Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Eighth Amendment's protections, however, apply specifically to post-conviction inmates. *See Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992). The Due Process Clause of the Fourteenth Amendment extends those same protections to pretrial detainees. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994). Although they are based on violations of the Fourteenth Amendment, the claims of pretrial detainees are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir.1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.*

-4-

Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). This state of mind is shown "where 'the official knows of and disregards'" the substantial risk of serious harm facing the prisoner. *Farmer*, 511 U.S. at 837. The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As an initial matter, Plaintiff was not incarcerated or detained when the incidents giving rise to his claims against the MMHA Executive Director and MMHA housing provider arose. The Eighth Amendment protects those individuals held in custody because incarceration necessarily "strip[s] [inmates] of virtually every means of self-protection and foreclose[s] their access to outside aid." *Id*. at 833. Because individuals detained in jails experience substantially similar limitations, those protections are extended to pretrial detainees through the Fourteenth Amendment. Individuals who are not in a custodial situation are not presented with those same limitations. Eighth Amendment protections, therefore, are not extended to individuals who are not being detained or incarcerated. Because Plaintiff was not a pretrial detainee when his interactions with MMHA occurred, he has not stated a claim against the MMHA Executive Director or MMHA housing provider for deliberate indifference to serious medical needs.

With respect to the remaining Defendants, Plaintiff failed to allege facts to satisfy the subjective component. Plaintiff does not mention the Medina County Sheriff or Medina County

Sheriff's Office Employees Lesak, Baca, or Houk in his Complaint. There is no suggestion that they were personally aware of his symptoms, appreciated their severity, and refused to provide Plaintiff with necessary medical care. Likewise, he does not allege the CEO of Heartland or the Chief Clinical Officer of Heartland knew of Plaintiff's medical complaints and disregarded them. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff does not allege facts indicating these Defendants were personally engaged in activities that plausibly could be considered deliberately indifferent to his serious medical needs.

Finally, Plaintiff contends jail physician John Doe #1 and Heartland Physician John Doe #2 treated him for psychiatric illnesses but failed to diagnose and treat his medical condition. Negligence in diagnosing or treating a medical condition does not equate to deliberate indifference. Consequently, allegations of medical malpractice, negligent diagnosis, or negligent treatment fail to state an Eighth Amendment claim. *Estelle*, 429 U.S. at 106. At best, the allegations against these Defendants, if true, suggest they may have been negligent. Plaintiff has not alleged sufficient facts, however, to suggest they were deliberately indifferent to his serious medical needs.

### **CONCLUSION**

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 2/6/18