**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Robert Walker,** | ) CASE NO. 1:17 CV 2447 |
| **Plaintiff,** | ) JUDGE PATRICIA A. GAUGHAN |
| v. | ) |
| | ) **Memorandum of Opinion and Order** |
| **Tom Miller,** *et al.*, | ) |
| **Defendants.** | ) |

**Introduction**

This matter is before the Court upon the Motion to Dismiss John Doe 1 (Treating Physician) (Doc. 15). The motion is unopposed. For the following reasons, the motion is DENIED.

**Facts**

*Pro se* plaintiff Robert Walker, a pretrial detainee, filed this action under 42 U.S.C. § 1983 against numerous defendants. This Court dismissed the Complaint *sua sponte* pursuant to 28 U.S.C. §1915(e). On appeal, the Sixth Circuit affirmed the dismissal of all the defendants except for the deliberate indifference claims against plaintiff's treating physicians: Medina County Sheriff's Department physician John Doe 1 and Heartland Behavioral Healthcare physician John Doe 2. Plaintiff had alleged that the physicians treated him for psychiatric illnesses but failed to diagnose and treat his medical condition, which he later learned was colon

cancer. The Sixth Circuit vacated the dismissal as to these two defendants and remanded the case. After the mandate issued, plaintiff was ordered to provide United States Marshal forms and summonses for the two remaining John Doe defendants. Plaintiff provided summonses for "John Doe 1 treating physician at Medina County Sheriff's Department" and "John Doe 2 treating physician at Heartland Behavioral Hospital." The summonses were issued in December 2018 by the United States Marshal, via FedEx, and service was accepted on both as evidenced by the return of service. (Doc. 14)

This matter is now before the Court upon the Motion to Dismiss John Doe 1 (Treating Physician). Plaintiff has not opposed the motion.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations

2

> must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### **Discussion**

The motion requests that the Court dismiss defendant John Doe 1 and determine that the purported service upon the unidentified John Doe is ineffective. Defendant John Doe 1 argues that it must be dismissed because no action has been properly commenced against it within the applicable period of the statute of limitations. Defendant acknowledges that Ohio's two year statute of limitations governs plaintiff's § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). However, defendant maintains that the one year period of limitations governing medical negligence claims is applicable. But, plaintiff brought this Complaint via § 1983[1] and, therefore, the statute of limitations governing § 1983 claims applies.

As of the time of the filing of defendant's Motion to Dismiss (January 14, 2019), the two year period applicable to § 1983 claims had not yet expired. Specifically, the Complaint alleges

---

[1] The Sixth Circuit acknowledged, as well, that the allegations against the treating physicians are Fourteenth Amendment deliberate indifference claims brought pursuant to § 1983.

3

that plaintiff was incarcerated in the Medina County Jail from November 2015 until he was transferred to Heartland Behavioral Hospital in February 2016. During that time, John Doe 1 failed to provide any medical treatment despite plaintiff's intestinal complaints. Plaintiff was diagnosed with colon cancer on March 1, 2017. His Complaint was filed November 22, 2017. The statute of limitations for § 1983 actions accrues and commences to run when the plaintiff knows or has reason to know of the injury that is the basis of the complaint. *Eidson v. State of Tennessee Department of Children's Services*, 510 F.3d 631 (6th Cir. 2007). "In determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." *Ruiz-Bueno v. Maxim Healthcare Service, Inc.,* 659 Fed. Appx. 830 (6th Cir. 2016) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003)). Plaintiff has alleged that he did not know of the source of his injury until his March 1, 2017 diagnosis. Thus, plaintiff had until March 1, 2019, to file his § 1983 Complaint.

The Court acknowledges that the filing of a complaint against a John Doe defendant does not toll the running of the statute of limitations against that party. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). As of today's date, the two year period of limitations has now expired because plaintiff has not yet identified the John Doe defendants. However, the Court finds that justice requires that the limitations period be equitably tolled for the 11 month period in which this matter remained on appeal. *See Driver v. Fabish,* 2017 WL 2438400 (M.D.Tennessee June 5, 2017) (citing *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003); *Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir. 2000)) (Although the doctrine of equitable tolling is to be applied sparingly, it typically "applies when

a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond the litigant's control.") Here, the plaintiff is *pro se* and the Court *sua sponte* dismissed his Complaint on February 6, 2018. Plaintiff timely appealed. The matter remained with the Sixth Circuit until that court vacated the dismissal as to the two John Doe physicians, and the mandate issued on November 13, 2018. This Court ordered plaintiff to provide the summonses for the John Does within 30 days of its November 20, 2018 order. Plaintiff did so and service was returned, as discussed above.

Defendant is correct that service upon the unidentified John Doe 1 does not effectively commence a case against an unidentified John Doe physician. As has been previously explained:

> Where a plaintiff is temporarily unable to ascertain a defendant's actual name, the plaintiff may initially file a complaint that names an unknown defendant by using a "John Doe" appellation or similar pseudonym. However, simply identifying an unknown defendant in a complaint by the pseudonym of John Doe is not enough to commence a civil action against that unknown defendant. A civil action cannot be commenced against a fictitious party such as an unknown John Doe. Until the plaintiff files an amended complaint under Fed. R. Civ. P. 15 that identifies and adds or joins a John Doe defendant by his true name, the John Doe allegations in the complaint are mere surplusage. A civil action is commenced against a John Doe defendant when the complaint is amended under Rule 15 to specifically name and identify that defendant by his true name and the plaintiff effects service of process upon that named defendant in compliance with Rule 4.

*Brumlow v. Hamilton County, Tennessee,* 2019 WL 613217 (E.D.Tenn. Feb. 13, 2019) (all internal citations omitted).

Clearly, the Sixth Circuit intended that this matter proceed against the two treating physicians. Accordingly, plaintiff shall have 90 days from the date of this Memorandum of Opinion and Order to amend his Complaint and identify the treating physicians. Movant is

5

ordered to assist plaintiff in the identification of John Doe 1. If defendant does not waive service, plaintiff has 90 days after the amendment, pursuant to Fed.R. 4(m), to perfect service on the identified John Does in the same manner as service was requested previously.

**Conclusion**

For the foregoing reasons, the Motion to Dismiss John Doe 1 (Treating Physician) is denied. Plaintiff must amend his Complaint to identify the John Does within 90 days. He must then perfect service within 90 days thereafter.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 3/11/19