# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Robert Walker, | ) | **CASE NO. 1:17 CV 2447** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| Tom Miller, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

### Introduction

This matter is before the Court upon defendant Dale Thomae's Motion for Summary

Judgment (Doc. 34).  This is a § 1983 action brought by a former pretrial detainee. For the

following reasons, the motion is UNOPPOSED and GRANTED.

### Facts

*Pro se* plaintiff Robert Walker filed this action under 42 U.S.C. § 1983 against

numerous defendants.  This Court dismissed the Complaint *sua sponte* pursuant to 28 U.S.C.

§1915(e). On appeal, the Sixth Circuit affirmed the dismissal of all the defendants except for the

deliberate indifference claims against plaintiff's treating physicians: Medina County Sheriff's

Department physician John Doe 1 and Heartland Behavioral Healthcare physician John Doe 2.

An Amended Complaint was filed identifying these defendants as Dale Thomae and Dr.

Michael Dawes (in their individual and official capacity), and alleging the following.  Plaintiff

was arrested on November 25, 2015, and transported to the Medina County Jail. He informed medical staff that he was very ill, in constant pain, and bleeding internally. He had one visit with Thomae, the Medina County Sheriffs Department treating physician, who did nothing to attempt to diagnose the condition but instead referred plaintiff "to psych." Plaintiff filed 32 grievances, regarding the pain and internal bleeding, which were rejected. Plaintiff took a shampoo cap with vomited blood to show medical personnel, but was again only referred "to psych."

At the end of February 2016, plaintiff was transferred to Heartland Behavioral Hospital for a competency evaluation.  Dr. Dawes, the treating physician, refused to follow up with plaintiff.  Plaintiff filed more grievances complaining about his inability to receive medical attention for his intense pain and internal bleeding. After plaintiff filed a complaint with the patients' rights board, he saw "the doctor" who ordered stool samples which showed massive amounts of blood. Dawes falsified the reports, stating there was no blood in the stool and that the pain was psychosomatic.

In May 2016, plaintiff was released when the criminal charges against him were dismissed.  Ultimately, on March 1, 2017, plaintiff was diagnosed with stage 4 colon cancer.

Plaintiff asserts one ground for relief: Defendants' actions were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  By prior Memorandum of Opinion and Order, this Court granted defendant Dawes's Motion for Summary Judgment.

This matter is now before the Court upon defendant Thomae's Motion for Summary Judgment.  Plaintiff has not opposed the motion.

2

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc*., 8 F.3d 335, 340 (6th Cir.1993).  The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence

3

in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

### Discussion

Plaintiff has not opposed the motion. "Even where a motion for summary judgment is unopposed, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). If the motion and supporting materials show that the movant is entitled to it, summary judgment is appropriate. Fed.R. 56(e)(3).

As the Sixth Circuit noted in its Order vacating the dismissal of the deliberate indifference claims against the treating physicians:

> An Eighth Amendment violation occurs if a prison official acts with deliberate indifference to a prisoner's serious medical needs. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). While the Eighth Amendment applies only to convicted inmates, pretrial detainees are entitled to the same protections under the Due Process Clause of the Fourteenth Amendment. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). To show deliberate indifference, a prisoner must show that the prison official knew that the inmate faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

*Walker v. Miller,* No. 18-3209 (6th Cir. Oct.17, 2018).

4

It is well-established that "a § 1983 claim for deliberate indifference regarding a prisoner's medical care consists of an objective component and a subjective component, both of which must be satisfied." *Darby v. May*, 2020 WL 1171544 (N.D.Ohio March 11, 2020) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). "The objective component requires the existence of a 'sufficiently serious' medical need. The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care." *Id*. "In order to satisfy this culpable state of mind, the prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " *Id.*

This Court has carefully reviewed the affidavit and attached exhibits submitted by defendant Thomae and concludes that no genuine dispute of material fact exists as to whether Thomae is entitled to summary judgment on the deliberate indifference claim against him. In particular, the uncontroverted evidence, discussed below, shows that Thomae did not disregard a substantial risk of serious harm faced by plaintiff.

Thomae's affidavit and supporting medical records establish the following.

Thomae is a Doctor of Osteopathic Medicine employed by Advanced Correctional Healthcare, Inc. ("ACH") which is contracted to provide medical care services to inmates at the Medina County Jail (hereafter, the jail).  Upon plaintiff's incarceration at the jail, an initial medical intake screening was completed on November 26, 2015.  While incarcerated at the jail, plaintiff requested medical treatment for a variety of reasons and on a variety of occasions. Thomae was one of a number of medical professionals to administer medical care to him.

The December 7, 2015 Medical Progress Note authored by Thomae (Exhibit A) shows that plaintiff submitted a request to be seen by the medical staff because of complaints of faintness brought on by internal bleeding as a result of "esophageal hemorrhaging." Thomae saw him that day and plaintiff reported that he had a large bloody bowel movement the day before, and that he had been hospitalized in September in Dallas, Texas, for a GI bleed. Thomae ordered blood work, and informed plaintiff to report any recurrent bleeding. Thomae also ordered medications including Omeprazole, Seroquel, Benadryl, and Propranolol. The tests returned with normal blood count values. Thomae reviewed the labs and noted that the AST/ALT was normal, hemoglobin was appropriate, and INR was elevated.  Thomae's review of these results did not suggest that plaintiff was suffering from colon cancer or any internal bleed.

On December 16, 2015, plaintiff submitted two requests to be seen by the medical staff. (Exhibits B and C). The first reported that an injury occurred after a jailer allegedly kicked his leg. The second reported that plaintiff was having a hard time taking his medication and that he vomited "an inordinate amount of bright red blood."  The Medical Progress Note, which Thomae reviewed and signed, shows that plaintiff was seen by Nurse S. Walker on December 17, 2015, who noted his complaints of "pain, swelling, fever, blood in emesis, and blood in stool." (Exhibit D) The nurse also noted that the plan was for Thomae to complete a chart review, which was done. Seroquel 100 mg was added to plaintiff's regimen.  On December 21, 2015, plaintiff submitted another Medical Request Report, reporting that he believed he had had a seizure. He made no GI complaints. (Exhibit E).  A December 22, 2015 Medical Progress Note, which Thomae  reviewed and signed, shows that plaintiff was evaluated by a nurse for a

6

possible seizure. No signs or symptoms of injury were observed, and Thomae advised the nurses to monitor plaintiff. (Exhibit F)

On January 1, 2016, plaintiff submitted another medical request stating that he had "had two bouts of upper right quadrant pain over the last 6 hours," exacerbating a neck injury. (Exhibit G) Thomae reviewed and signed the January 1, 2016 Medical Progress Note, which indicates that plaintiff was seen by a nurse who did not find any signs or symptoms of trauma. Plaintiff was continued on his current medication. (Exhibit H)

Plaintiff submitted an Informal Complaint Resolution form on January 18, 2016, to the Medina County Sheriffs Office. (Exhibit I) He listed multiple medical conditions that he felt were not being addressed, including seizures due to "frenzied temporal lobe activity, "manic from stress related to my illness," constant fatigue, distorted vision, extreme joint pain, pain in right upper neck, hypersalivation, and "symptoms indicative of cancer." He did not reference bleeding.

Medical staff reviewed the complaint, and it was noted that he refused dental work. According, to Thomae it "was becoming apparent that Mr. Walker's psychological state was deteriorating, and as a result he was transferred to Heartland Behavioral Healthcare Hospital (HBHH) for competency evaluation later in February 2016. Mr. Walker was no longer under my care while he was admitted to HBHH."

Plaintiff has submitted no evidence to contradict the affidavit and supporting exhibits which do not demonstrate any genuine issue of material fact as to plaintiff's allegation of a deliberate indifference claim against Thomae. In particular, there is no evidence to satisfy either

7

the objective component or subjective component of plaintiff's claim. Accordingly, the Motion for Summary Judgment is unopposed and granted.[1]

**Conclusion**

For the foregoing reasons, defendant Dale Thomae's Motion for Summary Judgment is granted.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 5/14/20

---

[1]     While Thomae was also sued in his official capacity, a claim which is construed as one against the Medina County Sheriffs Department, no allegations support this claim. In particular there is no allegation of a policy or custom, even assuming plaintiff had demonstrated that he suffered a constitutional violation.